Mark M. Bettilyon (4798)
Arthur B. Berger (6490)
Samuel C. Straight (7638)
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
801.532.1500
801.532.7543 (facsimile)
mbettilyon@rqn.com
aberger@rqn.com
sstraight@rqn.com

Scott T. Wilsdon (*pro hac vice* pending)
John H. Jamnback (*pro hac vice* pending)
YARMUTH WILSDON CALFO PLLC
818 Stewart Street, Suite 1400
Seattle, Washington  98101
206.516.3849
206.516.3888 (facsimile)
wilsdon@yarmuth.com
jjamnback@yarmuth.com

Attorneys for Plaintiff Microsoft Corporation

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>SOFTWAREMEDIA.COM, INC., a Washington corporation; ADAM CHILDERS, an individual; and TODD FRANCIS, an individual,<br><br>               Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Civil No.<br><br>Judge |

Plaintiff Microsoft Corporation, by and through its undersigned attorneys, alleges as follows:

## INTRODUCTION

1.      This is an action by Microsoft Corporation ("Microsoft") to obtain injunctive relief and recover damages arising from infringements of Microsoft's copyrights and other violations by SoftwareMedia.com, Inc., Adam Childers and Todd Francis ("Defendants").  From at least 2007 to the present, Defendants have actively engaged in a fraudulent bait-and-switch scheme in connection to their sale of Microsoft products.  A direct and inevitable consequence of Defendants' fraud has been widespread infringement of Microsoft's copyrights by unsuspecting customers who were led by Defendants to believe they had purchased valid licenses to use Microsoft software.  In addition to damages and injunctive relief, Microsoft seeks an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and other relief.

## PARTIES

2.      Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.  Microsoft develops, advertises, markets, distributes, and licenses computer software and related products.

3.      Defendant SoftwareMedia.com, Inc. ("SoftwareMedia.com") is a Washington corporation with its principal place of business in Salt Lake City, Utah.  SoftwareMedia.com advertises and distributes computer software and related products on the Internet through its website at www.softwaremedia.com and by other means.  Microsoft previously sued SoftwareMedia.com for copyright infringement and other claims, *Microsoft Corporation v.*

*Perseus Trading Corporation, et al.*, Case No. 2:04-CV-00056-PGC (United States District Court, District of Utah). That case resulted in the entry of a permanent injunction enjoining SoftwareMedia.com from infringing Microsoft's copyrights and trademarks.

4.     Defendant Adam Childers ("Childers") is a resident of Utah. Upon information and belief, Childers controls and operates SoftwareMedia.com and personally participated in and/or had the right and ability to supervise, direct and control SoftwareMedia.com's wrongful conduct alleged in this Complaint, derived direct financial benefit from that wrongful conduct, and is personally liable for that wrongful conduct. Microsoft previously sued Childers for copyright infringement and other claims, *Microsoft Corporation v. Perseus Trading Corporation, et al.*, Case No. 2:04-CV-00056-PGC (United States District Court, District of Utah). That case resulted in the entry of a permanent injunction enjoining Childers from infringing Microsoft's copyrights and trademarks.

5.     Defendant Todd Francis ("Francis") is a resident of Utah. Upon information and belief, Francis was and is an employee or agent of SoftwareMedia.com, personally participated in the wrongful conducted alleged in the Complaint, and did so at the direction of and/or within the scope of his authority as an employee or agent of SoftwareMedia.com.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Microsoft's claims arising under federal law pursuant to 17 U.S.C. § 501 (copyright infringement), 15 U.S.C. § 1121(a) (trademark infringement) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Microsoft's claims arising under state law because those

3

claims are so related to Microsoft's claim under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7.      Venue is proper in the District of Utah pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because (i) all Defendants reside in the District, (ii) a substantial part of the events or omissions giving rise to Microsoft's claims occurred in the District, and (iii) Defendants have sufficient connection with the District to make venue proper.

## MICROSOFT SOFTWARE PROGRAMS

8.      Microsoft develops, advertises, markets, distributes and licenses a number of computer software programs and related products. Microsoft's software programs are recorded and distributed on CD-ROMs and/or magnetic diskettes, and are also distributed via authorized electronic download. Microsoft copyrighted software programs include the following:

9.      Microsoft SQL Server 2005:  Microsoft has developed and advertises, markets, distributes and licenses a software program known as Microsoft SQL Server 2005 ("SQL Server 2005"). SQL Server 2005 is data management software that enables users to create and manage enterprise data and analytical applications on multiple platforms. Microsoft holds a valid copyright in SQL Server 2005 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Registration Certificate for Microsoft SQL Server 2005, bearing number TX 6-486-660, is attached as Exhibit 1 and is incorporated by reference.

10.      Microsoft Office 2007 Standard:  Microsoft has developed and advertises, markets, distributes and licenses a suite of software programs known as Microsoft Office 2007 Standard Edition ("Office 2007"). Microsoft holds a valid copyright in Office 2007 (including

4

user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Office 2007, bearing number TX 6-504-552, is attached as Exhibit 2 and is incorporated by reference.  Office 2007 includes the following popular Microsoft software programs:

      a.    <u>Microsoft Excel 2007</u> is a program that allows users to create and manipulate spreadsheets, perform calculations, and store numerical data.  Microsoft holds a valid copyright in Microsoft Excel 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Excel 2007, bearing number TX 6-524-399, is attached as Exhibit 3 and is incorporated by reference.

      b.    <u>Microsoft Outlook 2007</u> is a program that allows users and networked teams to create and manage calendars, tasks, contacts and email communications.  Microsoft holds a valid copyright in Microsoft Outlook 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Outlook 2007, bearing number TX 6-524-393, is attached as Exhibit 4 and is incorporated by reference.

      c.    <u>Microsoft PowerPoint 2007</u> is a program that allows users to create, organize and present overhead and slide presentations.  Microsoft holds a valid copyright in Microsoft PowerPoint 2007 (including user reference manuals, user guides,

screen displays and product packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft PowerPoint 2007, bearing number TX 6-524-389, is attached as Exhibit 5 and is incorporated by reference.

        d.    <u>Microsoft Word 2007</u> is a program that allows users to create and edit reports and documents. Microsoft holds a valid copyright in Microsoft Word 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Word 2007, bearing number TX 6-524-398, is attached as Exhibit 6 and is incorporated by reference.

11.    <u>Microsoft Office 2007 Professional Plus</u>:  Microsoft has developed and advertises, markets, distributes and licenses a suite of software programs known as Microsoft Office 2007 Professional Plus ("Office 2007 Professional Plus"), which includes software programs not found in Office 2007 Standard Edition. The copyright registration for Office 2007 Professional Plus, and other versions of Office 2007, are subsumed under the Office 2007 copyright registration. Office 2007 Professional Plus includes the following popular Microsoft software programs:

        a.    <u>Microsoft Access 2007</u> is a program that allows users to create and manipulate databases and to store data. Microsoft holds a valid copyright in Microsoft Access 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft

Access 2007, bearing number TX 6-524-395, is attached as Exhibit 7 and is incorporated by reference.

      b.    <u>Microsoft Excel 2007</u> is a copyrighted program described in the preceding paragraph and incorporated by reference.

      c.    <u>Microsoft InfoPath 2007</u> is a program that allows users to design and publish interactive templates and electronic forms.  Microsoft holds a valid copyright in Microsoft InfoPath 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft InfoPath 2007, bearing number TX 6-524-392, is attached as Exhibit 8 and is incorporated by reference.

      d.    <u>Microsoft Outlook 2007</u> is a copyrighted program described in the preceding paragraph and incorporated by reference.

      e.    <u>Microsoft PowerPoint 2007</u> is a copyrighted program described in the preceding paragraph and incorporated by reference.

      f.    <u>Microsoft Publisher 2007</u> is a desktop publishing program that allows users to create, customize and publish materials such as newsletters, brochures, flyers, catalogs and websites.  Microsoft holds a valid copyright in Microsoft Publisher 2007 (including user reference manuals, user guides, screen displays and product packaging) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Copyright Registration Certificate for Microsoft Publisher 2007, bearing number TX 6-524-388, is attached as Exhibit 9 and is incorporated by reference.

g.    Microsoft Word 2007 is a copyrighted program described in the preceding paragraph and incorporated by reference.

12.    Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

a.    "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236 and Renewal, for computer programs and computer programming services; and

b.    "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation.

True and correct copies of the Trademark Registrations for subparagraphs a. and b. are attached as Exhibits 10 and 11, respectively, and are incorporated by reference.

## MICROSOFT LICENSING PROGRAMS

13.    Individual users of Microsoft software products are required to agree to the terms of the end user license agreement that is distributed with the software.  Businesses and organizations that desire to install and use Microsoft software on multiple personal computers ("PCs"), or to allow multiple PCs to access Microsoft software installed on a server, are offered the option of obtaining special volume licenses from Microsoft.  Volume licenses are especially convenient for customers who already own a copy of the Microsoft software that they wish lawfully to install and use on additional PCs.

14.    Microsoft Open License Program:  Microsoft offers a type of volume license agreement called an Open License that is intended to meet the software needs of small- to medium-size businesses and organizations.  The Open License program is for customers with a

minimum of five and a maximum of 250 PCs.  The Open License program allows businesses and organizations to purchase volume licenses for specific types of Microsoft software, and to purchase additional licenses as they are needed, and provides flexible, cost-effective ways for customers to acquire licenses to use the latest Microsoft software products.  A license acquired through the Open License program is not a software product; rather, it is legal authorization by Microsoft allowing the licensee (customer) the right to access and use Microsoft software on the number of PCs and/or network servers specified in the Open License.

15.    <u>Microsoft Client Access License</u>:  Microsoft offers a type of volume license called a Client Access License ("CAL") that may be purchased by businesses and organizations in the Open License program.  CALs are purchased by Open License customers who use networked workstations and/or network server software to perform certain functions involving multiple PCs.  A CAL is not a software product, but legal authorization by Microsoft allowing the licensee (customer) the right to access and use Microsoft software on the licensee's server from a specified number of PCs connected to the server.  By way of example, a 5-CAL would allow up to five PCs to lawfully access Microsoft software on a networked server.

16.    <u>Microsoft Software Assurance</u>:  Microsoft offers a software maintenance and support product called Software Assurance that is available to licensed users of Microsoft Windows, Office and other server and desktop software.  Software Assurance provides a variety of rights that can be accessed during the term of coverage (typically two years), including expanded customer service, special payment schedules, and the right to upgrade for no additional charge to newer versions of Microsoft software that are released during the coverage period ("New Version Rights Benefit").  Software Assurance is sold in units that are intended to

9

correspond to the number of licenses held by the customer.  For example, a customer with an license acquired through the Open License program for use of Microsoft software on 25 PCs, or a customer with a CAL authorizing access by 25 PCs to Microsoft software on a networked server, would need to purchase 25 units of Software Assurance to be able to use the New Version Rights Benefit and download the new software on the customer's 25 PCs and/or server.

17.     Software Assurance is priced at approximately half the cost of a license acquired through the Open License program for the same number of licensed users.  As a software maintenance and support product, Software Assurance is often sold to customers in conjunction with their purchases of software licenses; it can also be sold as a standalone product to customers who already have software licenses.  Importantly, Software Assurance is not a software license, or a substitute for a software license, and creates no license rights for a customer who does not hold a valid software license.

## DEFENDANTS' SALE OF MICROSOFT PRODUCTS

18.     Defendants advertise and distribute Microsoft software and related products on the Internet, including Defendants' website at www.softwaremedia.com, and by other means. SoftwareMedia.com is enrolled in several Microsoft partner programs, including the Microsoft Gold Certified Partner program, a fact that is prominently displayed on Defendants' website:

 

**License Delivery**
**Licensing Solutions**
**Small Business Specialist Community**
**Networking Infrastructure Solutions**

SoftwareMedia is proud to be a Microsoft Gold Certified Partner and a Microsoft Small Business Specialist. We sell every Microsoft retail product available.  And we list every Microsoft Licensing SKU right on our site, making purchasing as easy and understandable as possible. And if you have questions, our Microsoft Certified Professionals are standing by.

19.    The Microsoft Partner Network, which includes Gold Certified Partners, is intended for businesses that sell, service and support Microsoft products and technologies.  There are multiple levels of participation within the Microsoft Partner Network.  Gold Certified Partners are those that have completed the most rigorous level of Microsoft certified training and have demonstrated their technical competency in the implementation and use of Microsoft products.

20.    In connection to its enrollment as a Gold Certified Partner, SoftwareMedia.com was required to and did execute certain agreements with Microsoft, including the Microsoft Partner Program Agreement, which SoftwareMedia.com executed and electronically returned to Microsoft on or about April 30, 2009.

## DEFENDANTS' UNLAWFUL CONDUCT

21.    From at least 2007 to the present, Defendants have actively engaged in a fraudulent bait-and-switch scheme involving sales of Microsoft software licenses and Software Assurance.  Defendants have switched and are continuing to switch customer orders for Microsoft software licenses with less expensive Software Assurance which is not a license and creates no license rights.  Upon information and belief, Defendants have engaged in this sales practice with intent to deceive Microsoft and Defendants' customers, and to retain for

Defendants the significant price difference between licenses and Software Assurance. A direct and inevitable consequence of Defendants' fraud has been widespread infringement of Microsoft's copyrights by unsuspecting customers who were led by Defendants to believe they had purchased valid licenses to use Microsoft software.

22.     In or about February 2010, Microsoft began investigating unusual sales activity involving Microsoft's Software Assurance coverage. During the course of that investigation, Microsoft investigators interviewed three customers regarding their purchases from Defendants. The purchases investigated by Microsoft occurred between August 2007 and March 2009. The customer interviews, and a subsequent test purchase conducted by Microsoft, confirm that Defendants are engaged in the following fraudulent activity.

23.     Cooperating Customer # 1:  Cooperating Customer # 1 is an organization located in Washington.

     a.     In or about August 2007, Cooperating Customer # 1 placed an order for 11 Microsoft SQL Server 2005 Standard Edition software licenses with 5-CALs (authorizing access by 55 PCs to the SQL Server software) and an additional 114 Microsoft SQL Server 2005 Additional Device CALs (authorizing access by 114 PCs) from Defendants' website, www.softwaremedia.com. Defendants purported to sell the software licenses to Cooperating Customer # 1 for $33,197.65.

     b.     Defendants did not forward Cooperating Customer # 1's order for SQL Server software licenses to Microsoft, but instead switched the order to less expensive Software Assurance without any software licenses. Upon information and belief, Defendants switched the order with intent to deceive Microsoft and Cooperating

Customer # 1, and to retain for Defendants the price difference between the SQL Server

software licenses and Software Assurance.  Upon receiving that order on or about August

13, 2007, and being unaware of Defendants' fraud, Microsoft approved the sale of

Software Assurance listed on the order submitted by Defendants rather than issuing the

software licenses sought and paid for by Cooperating Customer # 1.

        c.      When interviewed by a Microsoft investigator, the purchasing agent for

Cooperating Customer # 1 stated that she was aware of the Software Assurance program

and did not intend to purchase the coverage.  Without the software licenses, of which

Microsoft has no record, the organization's use of Microsoft's copyrighted SQL Server

software is not licensed or authorized by Microsoft.

24.    Cooperating Customer # 2:  Cooperating Customer # 2 is a company located in

Washington.

        a.      In or about February 2008, the company placed an order for 56 licenses

for Microsoft Office 2007 Standard Edition software from Defendants' website,

www.softwaremedia.com.  On or about February 11, 2008, defendant Francis sent a

price quote by email to Cooperating Customer # 2, quoting the price of $16,744.00 for

the licenses and listing the correct Microsoft part number for those licenses.  Two days

later, SoftwareMedia.com sent an invoice confirming the sale of licenses and again listing

the correct Microsoft part number.  Defendants purported to sell the software licenses to

Cooperating Customer # 2 for $16,744.00.

        b.      In or about June 2008, Cooperating Customer # 2 placed a second order

for five additional licenses for Microsoft Office 2007 Standard Edition software from

Defendants' website, www.softwaremedia.com.  On or about June 11, 2008,
SoftwareMedia.com sent an invoice confirming the sale of the licenses and listing the
correct Microsoft part number for those licenses.  Defendants purported to sell the
additional software licenses to Cooperating Customer # 2 for $1,495.00.

      c.      Defendants did not forward Cooperating Customer # 2's orders for Office
2007 software licenses to Microsoft, but instead switched the part numbers on both orders
to less expensive Software Assurance without any software licenses.  Upon information
and belief, Defendants switched the orders with intent to deceive Microsoft and
Cooperating Customer # 2, and to retain for Defendants the price difference between the
Office 2007 software licenses and Software Assurance.  Upon receiving those orders on
or about February 14, 2008 and June 11, 2008, and being unaware of Defendants' fraud,
Microsoft approved the sale of Software Assurance listed on the orders submitted
by Defendants rather than issuing the software licenses sought and paid for by
Cooperating Customer # 2.

      d.      When interviewed by a Microsoft investigator, the purchasing agent for
Cooperating Customer # 2 stated that he was aware of the Software Assurance program
and did not intend to purchase the coverage.  Without the software licenses, of which
Microsoft has no record, the company's use of Microsoft's copyrighted Office 2007
software is not licensed or authorized by Microsoft.

25.     <u>Cooperating Customer # 3</u>:   Cooperating Customer # 3 is a company located in Texas.

a.      In or about March 2009, the company placed an order for 55 licenses for Microsoft Office 2007 Professional Plus software from Defendants' website, www.softwaremedia.com.  On or about March 16, 2009, SoftwareMedia.com sent an invoice confirming the sale of the licenses and listing the correct Microsoft part number. Defendants purported to sell the software licenses to Cooperating Customer # 3 for $22,275.00.

b.      Defendants did not forward Cooperating Customer # 3's order for Office 2007 software licenses to Microsoft, but instead switched the part number on the order to less expensive Software Assurance without any software licenses.  Upon information and belief, Defendants switched the order with intent to deceive Microsoft and Cooperating Customer # 3, and to retain for Defendants the price difference between the Office 2007 Professional Plus software licenses and Software Assurance.  Upon receiving that order on or about April 2, 2009, and being unaware of Defendants' fraud, Microsoft approved the sale of Software Assurance listed on the order submitted by Defendants rather than issuing the software licenses sought and paid for by Cooperating Customer # 3.

c.      Subsequently, in or about April 2009, Cooperating Customer # 3 received an email from defendant Francis that attached what was purported to be a Microsoft Open License Order Confirmation.  While the order and payment submitted by Defendants were for the purchase of Software Assurance, the Order Confirmation sent by defendant Francis purported to confirm Cooperating Customer # 3's purchase of software licenses

authorizing its use of Office 2007 Professional Plus software on 55 PCs.  Upon

information and belief, the Microsoft Open License Order Confirmation was tampered or

altered by Defendants.

        d.      When interviewed by a Microsoft investigator, the purchasing agent for

Cooperating Customer # 3 stated that he was aware of the Software Assurance program

and did not intend to purchase the coverage.  Without the software licenses, of which

Microsoft has no record, the company's use of Microsoft's copyrighted Office 2007

Professional Plus software is not licensed or authorized by Microsoft.

26.    <u>Test Purchase</u>:  On or about April 23, 2010, an investigator working for Microsoft

placed an order for software licenses using an address in Texas.  The licenses were advertised as

"Office 2007 Standard – License," with the correct Microsoft part number, on Defendants'

website, www.softwaremedia.com.  Defendants purported to sell the software licenses to the

investigator for $2,323.00.

27.    Defendants confirmed the investigator's purchase of software licenses in three

separate communications:

        a.      On or about April 23, 2010, upon placing his order, the investigator

received from Defendants an order summary that confirmed the investigator's purchase

of "Office 2007 Standard – License."

        b.      On or about April 23, 2010, the investigator received from Defendants an

email that confirmed the investigator's purchase of "Office 2007 Standard – License."

       c.     On or about April 27, 2010, the investigator received from Defendants an email that confirmed the investigator's purchase of a "Microsoft License" and provided further information that purported to instruct the investigator as to the use of the license.

    28.     In truth and fact, Defendants did not forward the investigator's order for the Office 2007 software licenses to Microsoft, but instead switched the part number on the order to less expensive Software Assurance without any software licenses.  Microsoft received the fraudulent order from Defendants on or about April 26, 2010.  Had the investigator attempted to use Microsoft's copyrighted Office 2007 software in reliance upon Defendants' representations, his use would not have been licensed or authorized by Microsoft.

    29.     Defendants have endeavored to conceal their fraudulent bait-and-switch scheme from Microsoft and Defendants' customers.  For example, Defendants purport to "sell every Microsoft retail product available [and] list every Microsoft Licensing SKU [stock keeping unit, also known as part number]" on their website www.softwaremedia.com.  However, a Microsoft investigator was unable to locate any of the part numbers used by Defendants when ordering Software Assurance for the Cooperating Customers or Microsoft's investigator.  That information, had it been available on Defendants' website, could have alerted customers to the fact that Defendants had altered their orders.

    30.     A preliminary review of Microsoft sale records shows that since July 2006 SoftwareMedia.com has sold 49,891 units of Software Assurance without software licenses.  How many of those sales are the result of Defendants' fraudulent bait-and-switch scheme is unknown to Microsoft.

31.     A direct and inevitable consequence of Defendants' fraudulent bait-and-switch scheme is widespread infringement of Microsoft's copyrights by customers who were led to believe by Defendants they had purchased licenses for Microsoft software.  Those customers have used and are continuing to use Microsoft software in reliance upon Defendants' false representations.  As recounted above, Microsoft has no record of any software licenses being sold to the Cooperating Customers, and their use of Microsoft's copyrighted software is not licensed or authorized by Microsoft.

32.     Not surprisingly, Microsoft has experienced a high rate of returns on sales of Software Assurance by SoftwareMedia.com.  To date, Microsoft has received and reimbursed purchases of 2,923 units of Software Assurance by Defendants' customers.  Upon information and belief, the rate of returns reflects customer confusion arising from Defendants' fraudulent sales practice, and has harmed and continues to harm Microsoft's goodwill and business reputation.

33.     Upon information and belief, by this conduct, including their advertising activities and unauthorized use of Microsoft's software, components, screen displays, product packaging and marks to describe the items that they distribute and sell, Defendants misappropriated Microsoft's advertising ideas and style of doing business and infringed Microsoft's copyrights, titles and slogans and trademarks.

34.     Upon information and belief, Defendants' violations are willful, deliberate and committed with prior notice and knowledge of Microsoft's copyrights and trademarks.  Defendants' wrongful conduct has caused and continues to cause significant and irreparable harm to Microsoft.  Microsoft brings this action to recover damages for the harm it has sustained,

18

to impose a constructive trust upon Defendants' illegal profits and assets purchased with those profits, and to obtain injunctive relief prohibiting Defendants' further violations.

## First Claim

**[Copyright Infringement, 17 U.S.C. § 501, *et seq.*]**
**Against All Defendants**

35.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36.     Microsoft is the sole owner and licensor of SQL Server 2005, Office 2007, Excel 2007, Outlook 2007, PowerPoint 2007, Word 2007, Access 2007, InfoPath 2007 and Publisher 2007, and other software and components, including user reference manuals, user guides, screen displays and product packaging covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof, and all corresponding copyrights and Certificates of Registration.

37.     Defendants have infringed the copyrights in Microsoft's software, including but not limited to the programs identified in the preceding paragraph, and other software and components covered by Microsoft's registered copyrights and Certificates of Registration, by inducing, causing or materially contributing to infringements of those copyrights by Defendants' customers who were misled or deceived by Defendants in believing they had purchased valid licenses authorizing their use of Microsoft software.

38.     Defendants' customers desired and intended to acquire licenses to use Microsoft software.  But for Defendants' unlawful sales practice, Defendants' customers would have been properly licensed to use Microsoft software and would not have infringed Microsoft's copyrights in that software.

39.    Defendants have induced, caused or materially contributed to infringements of Microsoft's copyrights by Defendants' customers with knowledge of that infringing conduct.  At a minimum, Defendants were substantially certain that their unlawful sales practice would result in infringements of Microsoft's copyrights by Defendants' customers.

40.    Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants have acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

41.    As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement.  Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its goodwill and business reputation.  Microsoft is entitled to recover damages, which include its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b).

42.    Alternatively, Microsoft is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  In addition, because Defendants' conduct has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

43.    Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft's goodwill and business reputation such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

44.    Microsoft is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### Second Claim

**[Trademark Infringement, 15 U.S.C. § 1114]**
**Against Defendant SoftwareMedia.com, Inc.**

45.    Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 44, inclusive.

46.    Pursuant to Section 6.1 of the Microsoft Partner Program Agreement, SoftwareMedia.com was granted a limited, non-exclusive license to use certain Microsoft marks, logos, symbols and names, including the stylized "Microsoft Gold Certified Partner" logo which incorporates Microsoft's federally registered trademarks and service mark described in this Complaint (collectively, the "Microsoft Marks"), in connection with SoftwareMedia.com's advertisement, distribution and sale of Microsoft products and services.

47.    The limited, non-exclusive license granted to SoftwareMedia.com was subject to and conditioned upon SoftwareMedia.com's agreement, *inter alia*, to maintain the quality of the solutions and services offered by SoftwareMedia.com in relation to Microsoft products and services, and to meet or exceed standards of quality and performance generally accepted in the industry.

48.    By engaging in bait-and-switch fraud and the other unlawful practices and improper means described in this Complaint, and for the improper purpose of retaining for SoftwareMedia.com the price difference between Microsoft software licenses and Software Assurance, SoftwareMedia.com has failed to satisfy the conditions to using the Microsoft Marks, and has infringed the Microsoft Marks, in violation of 15 U.S.C. § 1114(1).

49.     Because Microsoft has marketed, advertised, promoted, distributed, and licensed its products and services under the Microsoft Marks, including the trademarks and service mark described in this Complaint, the Microsoft Marks are the means by which Microsoft's software is distinguished from the products and services of others in the same field or related fields.

50.     Because of Microsoft's long, continuous, and exclusive use of the Microsoft Marks, they have come to mean, and are understood by customers, end users, and the public to signify products or services of Microsoft.

51.     SoftwareMedia.com's use of the Microsoft Marks, including the stylized "Microsoft Gold Certified Partner" logo which incorporates the Microsoft Marks, in connection with its deceptive sales practices is likely to cause confusion, mistake, or deception as to the quality, source, origin, or authenticity of products and services advertised, distributed or sold by SoftwareMedia.com.

52.     SoftwareMedia.com's use of the Microsoft Marks, including the stylized "Microsoft Gold Certified Partner" logo which incorporates the Microsoft Marks, in connection with its deceptive sales practices is likely to lead the public to conclude, incorrectly, that those practices were authorized or approved by Microsoft, to the damage and harm of Microsoft, its other licensees, and the public.

53.     SoftwareMedia.com has used and is continuing to use the Microsoft Marks, including the stylized "Microsoft Gold Certified Partner" logo which incorporates the Microsoft Marks, in connection to its deceptive sales practices with the willful and calculated purposes of misleading, deceiving or confusing customers and the public, and trading upon Microsoft's

goodwill and business reputation.  At a minimum, SoftwareMedia.com has acted with willful

blindness to and in reckless disregard of Microsoft's registered trademarks and service mark.

54.    As a result of its wrongful conduct, SoftwareMedia.com is liable to Microsoft for

trademark infringement.  Microsoft has suffered, and will continue to suffer, substantial losses,

including, but not limited to, damage to its business reputation and goodwill.  Microsoft is

entitled to recover damages, which include its losses and all profits SoftwareMedia.com has

made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

55.    In addition, because SoftwareMedia.com's infringement of Microsoft's

trademarks and service mark was willful, within the meaning of the Lanham Act, the award of

damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).  Alternatively, the award

of statutory damages should be enhanced pursuant to 15 U.S.C. § 1117(c).

56.    Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

Microsoft has no adequate remedy at law because, among other things, (a) the Microsoft Marks

are unique and valuable property which have no readily determinable market value, (b)

SoftwareMedia.com's infringement constitutes harm to Microsoft's business reputation and

goodwill such that Microsoft could not be made whole by any monetary award, (c) if

SoftwareMedia.com's wrongful conduct is allowed to continue, the public is likely to become

further confused, mistaken, or deceived as to the quality, source, origin or authenticity of

products and services advertised, distributed or sold by SoftwareMedia.com, and (d)

SoftwareMedia.com's wrongful conduct, and the resulting harm to Microsoft, is continuing.

57.    Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to

15 U.S.C. § 1117(a).

### Third Claim

**[False Designation of Origin, 15 U.S.C. § 1125]**
**Against Defendant SoftwareMedia.com, Inc.**

58.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 57, inclusive.

59.     Microsoft has designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging, including the stylized "Microsoft Gold Certified Partner" logo (collectively, "Microsoft Visual Designs") for its products and services.

60.     Pursuant to Section 6.1 of the Microsoft Partner Program Agreement, SoftwareMedia.com was granted a limited, non-exclusive license to use certain Microsoft marks, logos, symbols and names, including the stylized "Microsoft Gold Certified Partner" logo, in connection with SoftwareMedia.com's advertisement, distribution and sale of Microsoft products and services.

61.     The limited, non-exclusive license granted to SoftwareMedia.com was subject to and conditioned upon SoftwareMedia.com's agreement, *inter alia*, to maintain the quality of the solutions and services offered by SoftwareMedia.com in relation to Microsoft products and services, and to meet or exceed standards of quality and performance generally accepted in the industry.

62.     By engaging in bait-and-switch fraud and the other unlawful practices and improper means described in this Complaint, and for the improper purpose of retaining for SoftwareMedia.com the price difference between Microsoft software licenses and Software Assurance, SoftwareMedia.com has failed to satisfy the conditions to using the Microsoft

Visual Designs, and its use of the Microsoft Visual Designs is not licensed or authorized by Microsoft.

63.    SoftwareMedia.com's use of the Microsoft Visual Designs, including the stylized "Microsoft Gold Certified Partner" logo, in connection to its deceptive sales practices is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of SoftwareMedia.com with Microsoft, or as to the origin, sponsorship or approval by Microsoft, in violation of 15 U.S.C. § 1125(a).

64.    SoftwareMedia.com's use of the Microsoft Visual Designs, including the stylized "Microsoft Gold Certified Partner" logo, in its commercial advertising and promotion, including on its website (www.softwaremedia.com), misrepresents the nature, characteristics and qualities of SoftwareMedia.com's goods, services or commercial activities, in violation of 15 U.S.C. § 1125(a).

65.    SoftwareMedia.com has used and is continuing to use the Microsoft Visual Designs, including the stylized "Microsoft Gold Certified Partner" logo, in connection to its deceptive sales practices with the willful and calculated purposes of misleading, deceiving or confusing customers and the public, and trading upon Microsoft's goodwill and business reputation.  At a minimum, SoftwareMedia.com has acted with willful blindness to and in reckless disregard of Microsoft's rights in the Microsoft Visual Designs.

66.    As a result of their wrongful conduct, SoftwareMedia.com is liable to Microsoft. Microsoft has suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to its business reputation and goodwill.  Microsoft is entitled to recover damages,

which include its losses and all profits SoftwareMedia.com has made as a result of its wrongful conduct, pursuant to 15 U.S.C. § 1117(a).

67.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Microsoft has no adequate remedy at law because, among other things, (a) the Microsoft Visual Designs are unique and valuable property which have no readily determinable market value, (b) SoftwareMedia.com's infringement constitutes harm to Microsoft's business reputation and goodwill such that Microsoft could not be made whole by any monetary award, (c) if SoftwareMedia.com's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the quality, source, origin or authenticity of products and services advertised, distributed or sold by SoftwareMedia.com, and (d) SoftwareMedia.com's wrongful conduct, and the resulting harm to Microsoft, is continuing.

68.     Microsoft is also entitled to recover its attorney's fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

### Fourth Claim

**[Fraud]**
**Against All Defendants**

69.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 68, inclusive.

70.     On the dates and in the manner alleged above, Defendants falsely represented to Microsoft (a) that orders for Software Assurance submitted by Defendants represented Microsoft products sought and paid for by Defendants' customers, (b) that product descriptions and/or part numbers supplied by Defendants in connection to those orders represented correct product descriptions and/or part numbers for the products sought and paid for by Defendants' customers,

and (c) that payments forwarded by Defendants represented correct payments for the products sought and paid for by Defendants' customers.

71.     By their actions, Defendants fraudulently induced Microsoft to accept and approve sales of Software Assurance to Defendants' customers when, in truth and fact, those customers sought and paid for licenses authorizing their use of Microsoft software.  Microsoft would not have accepted and approved those sales, and would have instead sold the appropriate software licenses upon receipt of proper payment for those licenses, had Defendants not made their false representations and had Defendants not improperly retained the price difference between software licenses and Software Assurance.

72.     The false representations and omissions were made by Defendants with knowledge of their falsity, involved material facts, and were intended by Defendants to be acted upon by Microsoft to its detriment.

73.     Defendants' representations and omissions were false and misleading, and were intended by them to deceive or mislead Microsoft and induce Microsoft to accept and approve sales of Software Assurance to Defendants' customers, when those customers sought and paid for licenses to make lawful their use of Microsoft software.

74.     Microsoft was unaware of the falsity of Defendants' representations and omissions, and reasonably and justifiably relied upon the same, in accepting and approving orders for Software Assurance based on false and misleading information supplied by Defendants.

27

75.     Defendants' conduct was willful, malicious or intentionally fraudulent, or manifests a knowing and reckless indifference toward, and a disregard of, the rights of Microsoft, within the meaning of Utah Code Ann. § 78B-8-201(1)(a).

76.     As a direct and proximate result of Defendants' wrongful conduct, Microsoft has suffered, and will continue to suffer, significant damages, including depriving Microsoft of lawful revenues and other valuable consideration from what should have been sales of software licenses; inducing, causing or materially contributing to widespread infringement of Microsoft's copyrights by Defendants' customers who were led to believe by Defendants they had purchased licenses for Microsoft software; and causing customer confusion regarding Microsoft's licensing and Software Assurance products, resulting in harm to Microsoft's goodwill and business reputation.  Microsoft is entitled to recover such damages from Defendants, in an amount to be proven at trial, in addition to punitive damages.

## Fifth Claim

### [Breach of Contract]
### Against Defendant SoftwareMedia.com, Inc.

77.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 76, inclusive.

78.     SoftwareMedia.com entered into the Microsoft Partner Program Agreement with Microsoft that, *inter alia*, authorized SoftwareMedia.com to hold itself out to the public as a Microsoft Gold Certified Partner.

79.     The Microsoft Partner Program Agreement, as subsequently amended and modified, is an enforceable contract that confers legally enforceable rights to Microsoft. Pursuant to Section 15.1 of the Microsoft Partner Program Agreement, the contract "is governed

by the laws of the State of Washington." Microsoft has fully performed its obligations under the Microsoft Partner Program Agreement with Defendants.

80.     By entering into the Microsoft Partner Program Agreement, SoftwareMedia.com agreed to refrain from and report violations of Microsoft's intellectual property rights. SoftwareMedia.com has breached and is continuing to breach its obligations under the Microsoft Partner Program Agreement with Microsoft.  Those breaches include but are not limited to:

      a.     engaging or participating with a third party in the use of infringing or unlicensed Microsoft software, in violation of Section 4.5.a.;

      b.     failing to report to Microsoft suspected copyright infringement involving Microsoft software, in violation of Section 4.5.a.;

      c.     failing to ensure that SoftwareMedia.com's customers acquire a sufficient number of Microsoft licenses to match the maximum number of users and/or devices that may access or use Microsoft software, in violation of Section 4.5.d.; and

      d.     failing to report to Microsoft (1) known or suspected failures by SoftwareMedia.com's customers to possess a sufficient number of Microsoft licenses, and (2) known or suspected violations by SoftwareMedia.com's customers of their license agreements with Microsoft, in violation of Section 4.5.d.

81.     As a direct and proximate result of SoftwareMedia.com's wrongful conduct, Microsoft has suffered, and will continue to suffer, significant damages, including compensatory, consequential and/or restitutionary damages, in an amount to be proven at trial.

82.     SoftwareMedia.com knew or should have known that its conduct alleged herein violated the terms of the Microsoft Partner Program Agreement, and that SoftwareMedia.com

was in breach of its obligations thereunder.  Such violations have caused and will continue to

cause Microsoft irreparable harm, and Microsoft does not have an adequate remedy at law to

redress such continued violations.

83.     Microsoft is also entitled to recover its attorneys' fees, costs and other expenses

pursuant to Section 15 of the Microsoft Partner Program Agreement.

## Sixth Claim

### [Intentional Interference with Economic Relations]
### Against All Defendants

84.     Microsoft repeats and incorporates by this reference each and every allegation set

forth in paragraphs 1 through 83, inclusive.

85.     By engaging in bait-and-switch fraud and the other unlawful practices and

improper means described in this Complaint, and for the improper purpose of retaining for

Defendants the price difference between Microsoft software licenses and Software Assurance,

Defendants have intentionally and knowingly interfered with existing and potential economic

relations between Microsoft and existing and prospective users of Microsoft software and

services.

86.     Defendants have interfered with the economic relations between Microsoft and

existing and prospective users of Microsoft software and services for an improper purpose and

by improper means.

87.     Defendants' conduct was willful, malicious or intentionally fraudulent, or

manifests a knowing and reckless indifference toward, and a disregard of, the rights of

Microsoft, within the meaning of Utah Code Ann. § 78B-8-201(1)(a).

30

88.     As a direct and proximate result of Defendants' wrongful conduct, Microsoft has suffered, and will continue to suffer, significant damages, including depriving Microsoft of lawful revenues and other valuable consideration from what should have been sales of software licenses; inducing, causing or materially contributing to widespread infringement of Microsoft's copyrights by Defendants' customers who were led to believe by Defendants they had purchased licenses for Microsoft software; and causing customer confusion regarding Microsoft's licensing and Software Assurance products, resulting in harm to Microsoft's goodwill and business reputation.  Microsoft is entitled to recover such damages from Defendants, in an amount to be proven at trial, in addition to punitive damages.

### Seventh Claim

**[Unjust Enrichment]**
**Against All Defendants**

89.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 88, inclusive.

90.     By engaging in bait-and-switch fraud and the other unlawful practices described in this Complaint, and for the improper purpose of retaining for Defendants the price difference between Microsoft software licenses and Software Assurance, Defendants have enriched themselves at the expense of Microsoft and without justification.

91.     The benefits Defendants have conferred upon themselves include payments and other consideration received or collected by Defendants from their customers for purchases of what Defendants purported to be licenses to use Microsoft software.

92.     Defendants' retention of these benefits was and is without justification and constitutes unjust enrichment.  Further, Defendants' conduct was egregious and reprehensible, and Defendants acted with evil motives or malice.

93.     Microsoft lacks an adequate remedy at law and is entitled to recover these benefits from Defendants, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment against Defendants as follows:

(1)     That the Court enter a judgment against Defendants finding:

(a)     that Defendants have willfully infringed Microsoft's rights in the following federally registered copyrights, in violation of 17 U.S.C. § 501:

(i)     TX 6-486-660 ("Microsoft SQL Server 2005");

(ii)    TX 6-504-552 ("Microsoft Office 2007");

(iii)   TX 6-524-399 ("Microsoft Excel 2007");

(iv)    TX 6-524-393 ("Microsoft Outlook 2007");

(v)     TX 6-524-389 ("Microsoft PowerPoint 2007");

(vi)    TX 6-524-398 ("Microsoft Word 2007");

(vii)   TX 6-524-395 ("Microsoft Access 2007");

(viii)  TX 6-524-392 ("Microsoft InfoPath 2007"); and

(ix)    TX 6-524-388 ("Microsoft Publisher 2007");

(b)     that Defendants have induced, caused or materially contributed to infringements of Microsoft's copyrights by Defendants' customers and others with

knowledge of that infringing conduct, or with substantial certainty that Defendants' sales practice would result in infringements of Microsoft's copyrights;

      (c)     that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark in violation of 15 U.S.C. § 1114:

              (i)     1,200,236 ("MICROSOFT"); and

              (ii)    1,256,083 ("MICROSOFT");

      (d)     the Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation of fact, as to the affiliation, connection or association of Defendants with Microsoft, or origin, sponsorship or approval of Microsoft, in violation of 15 U.S.C. § 1125(a);

      (e)     that Defendants have made false or misleading representations with intent to deceive Microsoft and Defendants' customers as to Defendants' sale of software licenses, and to retain for Defendants the price difference between software licenses and other Microsoft products;

      (f)     that SoftwareMedia.com has breached its obligations under the Microsoft Partner Program Agreement;

      (g)     that Defendants have intentionally interfered with economic relations between Microsoft and existing and prospective users of Microsoft software; and

      (h)     that Defendants have otherwise injured Microsoft's goodwill and business reputation by the acts and conduct set forth in this Complaint.

(2)    That the Court issue temporary, preliminary and/or permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)    imitating, copying, or making any other infringing use, or infringing distribution of the software and/or materials now or hereafter protected by the following copyright Certificates Registration Nos.:

(i)    TX 6-486-660 ("Microsoft SQL Server 2005");

(ii)    TX 6-504-552 ("Microsoft Office 2007");

(iii)    TX 6-524-399 ("Microsoft Excel 2007");

(iv)    TX 6-524-393 ("Microsoft Outlook 2007");

(v)    TX 6-524-389 ("Microsoft PowerPoint 2007");

(vi)    TX 6-524-398 ("Microsoft Word 2007");

(vii)    TX 6-524-395 ("Microsoft Access 2007");

(viii)    TX 6-524-392 ("Microsoft InfoPath 2007");

(ix)    TX 6-524-388 ("Microsoft Publisher 2007"); and

(x)    Other items or works protected by Microsoft copyrights;

(b)    inducing, causing or materially contributing to infringements of Microsoft's copyrights by Defendants' customers or others;

(c)    imitating, copying, or making any other infringing use, or infringing distribution of the software and/or materials now or hereafter protected by Microsoft's

registered trademarks and service mark, including, but not limited to, the following

Trademark Registration Nos.:

      (i)    1,200,236 ("MICROSOFT");

      (ii)   1,256,083 ("MICROSOFT"); and

      (iii)  Other items or works now or hereafter protected by any Microsoft

trademark or service mark;

      (d)   using any false designation of origin, false or misleading description, or

false or misleading representation of fact as to the affiliation, connection or association of

Defendants with Microsoft, or origin, sponsorship or approval of Microsoft, when such is

not true in fact;

      (e)   making false or misleading representations or omissions in connection to

sales of Microsoft licenses and CALs under the Open License program and/or Software

Assurance;

      (f)   interfering with Microsoft's economic relations with users and prospective

users of Microsoft software products or services;

      (g)   assisting, aiding, or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a)-(f) above.

    (3)   That the Court enter an order, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. §

504(b) and Utah common law, declaring that Defendants hold in trust, as constructive trustee for

the benefit of Microsoft, all "profits" received by Defendants from their bait-and-switch fraud or

other acts of inducing, causing or materially contributing to infringements of Microsoft's

copyrights, and issue temporary, preliminary and permanent injunctive relief enjoining and

restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

     (4)    That the Court enter an order, pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 504(b) and Utah common law, requiring Defendants to prepare an accounting of all "profits" received by Defendants from their bait-and-switch fraud or other acts of inducing, causing or materially contributing to infringements of Microsoft's copyrights.

     (5)    That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

        (a)    Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

        (b)    Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademark and service mark or, alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2) for Defendants' willful violation of Microsoft's trademarks and/or service mark;

        (c)    Microsoft's damages pursuant to state common law, including exemplary and punitive damages, for Defendants' fraud and intentional interference with economic relations;

        (d)    Punitive damages pursuant to Utah Code Ann. § 78B-8-201(1)(a) and state common law; and

36

(e)   Microsoft's compensatory, consequential, and/or restitutionary damages, in an amount to be proven at trial.

(6)   That the Court enter an order requiring Defendants to provide Microsoft a full and complete accounting of all profits received by Defendants from their sales of Microsoft licenses and CALs under the Open License program and/or Software Assurance, and of any other amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(7)   That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by Microsoft in prosecuting this action.

(8)   That the Court grant to Microsoft such other and additional relief as is just and proper.

DATED this 7th day of June, 2010.

RAY, QUINNEY & NEBEKER

By
Mark M. Bettilyon
Arthur B. Berger
Samuel C. Straight

YARMUTH WILSDON CALFO PLLC

Scott T. Wilsdon
John H. Jamnback

Attorneys for Plaintiff Microsoft Corporation

Plaintiff's Address:
One Microsoft Way
Redmond, WA  98052